THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. ANTHONY HOLDER, Defendant-Appellant.

Third District   No. 3—85—0651

Opinion filed March 31, 1987.

Pamela A. Peters, of State Appellate Defender's Office, of Ottawa, for appellant.

Edward Petka, State's Attorney, of Joliet (Howard R. Wertz, of State's Attorneys Appellate Service Commission, of counsel), for the People.

JUSTICE WOMBACHER delivered the opinion of the court:

Defendant, Anthony Holder, appeals his conviction for murder and felony murder. (Ill. Rev. Stat. 1983, ch. 38, pars. 9—1(a)(1), 9—1(a)(3).) He was sentenced to a term of natural-life imprisonment. We affirm.

Defendant Holder along with Robert Lee Walker and Edward E. Weithers entered the garage of Chris Zouganelis, whereupon the defendant shot Zouganelis twice, killing him. The men stole money from the victim's wallet and searched his home for more money. The three were charged with the offense of murder and with the offense of committing a forcible felony.

The defendant initially argues that the State's use of peremptory challenges to exclude all black jurors from the jury violated his constitutional rights to equal protection and trial by an impartial jury drawn from a fair cross-section of the community. Recently, in *Batson v. Kentucky* (1986), 476 U.S. 79, 90 L. Ed. 2d 69, 16 S. Ct. 1712, the United States Supreme Court set forth a new evidentiary standard for establishing when a prosecutor's use of peremptory challenges violates the equal protection clause. The court also overruled *Swain v. Alabama* (1965), 380 U.S. 202, 13 L. Ed. 2d 759, 85 S. Ct. 824, insofar as it indicated that a defendant's establishment of a *prima facie* case of discrimination in the prosecution's exercise of peremptory challenges requires a showing that the prosecutor excluded members of a particular race in case after case.

■■ In *Batson* the court held that a State criminal defendant could establish a *prima facie* case of racial discrimination violative of

the fourteenth amendment, based on the prosecution's use of peremptory challenges to strike members of the defendant's race from the jury venire, and that once the defendant had made a *prima facie* showing, the burden shifted to the prosecution to come forward with a neutral explanation for those challenges. In *Griffith v. Kentucky* (1987), 479 U.S. _____, 93 L. Ed. 2d 649, 107 S. Ct. 708, the *Batson* decision was given retroactive application to cases pending on direct review at the time the decision was made. The appeal of the conviction at issue was pending on direct review at the time of the *Batson* decision, and, thus, the new evidentiary standard is to be relied on.

■ Under *Batson*, the trial judge is responsible to make the critical determinations of whether the defendant has established a *prima facie* showing of intentional discrimination and, if so, whether the prosecution has rebutted it. In the instant case, the defendant never objected to the exclusion of blacks during jury selection. Counsel did ask that the State's use of peremptories to strike blacks be noted in the record, but he never called upon the trial judge to make a ruling. *Batson* emphasizes that using peremptory challenges to strike blacks from the jury is not unconstitutional. The trial judge, experienced in supervising *voir dire*, will be able to decide if the circumstances concerning the prosecutor's use of peremptory challenges creates a *prima facie* case of discrimination against black jurors. A finding of intentional discrimination is a finding of fact. (*Anderson v. Bessemer City* (1985), 470 U.S. 564, 84 L. Ed. 2d 518, 105 S. Ct. 1504.) Inasmuch as the objection in the instant case was never made at the trial court and the judge was never called upon to make a ruling, and the defendant failed to raise the issue in any of his post-trial motions, the issue has been waived. The waiver rule is enforced so as not to allow a defendant to object to that which he has acquiesced in through the course of the trial. (*People v. Greenlee* (1976), 44 Ill. App. 3d 536, 358 N.E.2d 649.) Constitutional questions can be and are waived unless asserted at the trial. *People v. Bruckman* (1965), 33 Ill. 2d 150, 210 N.E.2d 537.

■ Defendant next argues that the trial court committed reversible error when it allowed the prosecutor to bolster the credibility of Holder's accomplice, Edward Weithers, by playing for the jury a tape-recorded statement he made to the police that was consistent with his trial testimony. An exception to the general rule barring the admission of prior consistent statements exists where the opposing party charges that the witness is motivated to testify falsely or that his testimony is of recent fabrication. (*People v. Clark* (1972), 52 Ill. 2d 374, 288 N.E.2d 363.) In the instant case the cross-examination brought

out the fact that Weithers had told Jim Batterson, a juvenile with whom he had been imprisoned, that it was he who shot Zouganelis. On direct examination Weithers had asserted that the defendant shot the victim. On redirect examination Weithers admitted that the State had offered a deal for his plea of guilty and testimony against Holder. Weithers asserted that he refused the offer.

■ Thus, an inference was raised that Weither's testimony on the stand that Holder had shot Zouganelis was a recent fabrication. The defendant infers that Weithers shot Zouganelis but subsequently fabricated his story after talking to Batterson in hopes of leniency because of his testimony against Holder. The tape-recorded statement, made before Weithers' conversation with Batterson, is consistent with his testimony at trial. Furthermore, at trial, defense counsel sought to stipulate that Mr. Weithers had given a statement consistent with his testimony in open court. The subsequent presentation of the evidence and admittance of the recorded statement at trial does not prejudice the defendant.

■ Next, defendant asserts that the trial court erred in refusing to grant defendant's motion to have the judge decide whether he should be sentenced to death after the jury determined that he was eligible for the death penalty pursuant to section 9—1(b) of the Criminal Code of 1961 (Ill. Rev. Stat. 1983, ch. 38, par. 9—1(b)). The statute does not provide for such a procedure. A court may not inject provisions not found in a statute. (*Droste v. Kerner* (1966), 34 Ill. 2d 495, 217 N.E.2d 73.) The trial judge properly adhered to the statutory procedure; the decision of whether to bifurcate the death penalty hearing between the jury and the judge is within the domain of the legislature.

■ Lastly, the defendant asserts that the term of imprisonment of natural life was excessive. We find that the sentence is within the statutory limits and an abuse of the trial judge's discretion has not been demonstrated.

For the foregoing reasons, the judgment of the Will County circuit court is affirmed.

Judgment affirmed.

BARRY and HEIPLE, JJ., concur.