THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. HECTOR RIVERA, Defendant-Appellant.

Third District   No. 3—85—0245

Opinion filed September 11, 1987.—Rehearing denied October 7, 1987.

Michael F. Braun, of State Appellate Defender's Office, of Elgin, for appellant.

Edward Petka, State's Attorney, of Joliet (Rita Kennedy Mertel, of State's Attorneys Appellate Service Commission, of counsel), for the People.

JUSTICE NASH delivered the opinion of the court:

The defendant, Hector Rivera, was convicted by a jury of murder (Ill. Rev. Stat. 1985, ch. 38, par. 9—1(a)(2)), and the trial court imposed a sentence of mandatory natural life imprisonment pursuant to section 5—8—1(a)(1)(c) of the Unified Code of Corrections (Ill. Rev. Stat. 1985, ch. 38, par. 1005—8—1(a)(1)(c)). Defendant raises the following issues on appeal: (1) whether the State established his guilt beyond a reasonable doubt; (2) whether the use of perjured testimony before the grand jury deprived the defendant of due process; (3) whether he was denied a fair trial because the trial court sanctioned lying under oath by a prospective juror; (4) whether the statutory requirement for imposition of a mandatory life sentence violates due process and constitutes cruel and unusual punishment; (5) whether under der *Batson v. Kentucky* (1986), 476 U.S. 79, 90 L. Ed. 2d 69, 106 S. Ct. 1712, the State's use of peremptory challenges to remove minority jurors denied the defendant his right to equal protection; and (6) whether the State's use of peremptory challenges to remove minority jurors denied his sixth amendment right to a jury drawn from a fair cross-section of the community.

As we have concluded this case must be remanded to the circuit court for a hearing under the standards set forth in *Batson v. Kentucky* relating to peremptory challenges by the State to remove prospective petit jurors, we will not address the first four issues raised by defendant until the conclusion of that hearing. Our resolution of those issues would be rendered moot in the event that it should be determined defendant is entitled to a new trial under *Batson v. Kentucky*. See *People v. Buckley* (2nd Dist. August 12, 1987), No. 2—86—0081.

■ The State has argued that defendant waived his right to raise on appeal the State's exercise of its peremptory challenges for failure to do so at the time of the empaneling of the jury. The record demonstrates, however, that during *voir dire* defendant's counsel advised the trial court of her intention to make a motion directed to that matter and was permitted to reserve it for later presentation. The issue of the alleged exclusion of jurors because of their race was set forth in defendant's post-trial motion as a denial of his right to equal protection. Defendant's trial counsel argued that the State systematically excluded from the jury by peremptory challenge blacks and other members of minority races. She noted that of the approximately seven minority members of the venire, the State excluded six. The prosecutor responded that one Latino juror was excused after expressing his inability to be fair because defendant was also Hispanic. The trial judge stated he had kept notes regarding excused jurors, but

did not have them with him at the hearing of defendant's post-trial motion; the judge recalled that the State accepted one black and one Latino juror. The court rejected defendant's argument that the State had misused its peremptory challenges and denied his post-trial motion.

■ In *Batson v. Kentucky* (1986), 476 U.S. 79, 90 L. Ed. 2d 69, 106 S. Ct. 1712, which applies retroactively to cases such as this which were pending on direct appeal (*Griffith v. Kentucky* (1987), 479 U.S. 314, 93 L. Ed. 2d 649, 107 S. Ct. 708), the United States Supreme Court set forth a procedure designed to avoid the discriminatory use of peremptory challenges. At the time of defendant's trial, *Swain v. Alabama* (1965), 380 U.S. 202, 13 L. Ed. 2d 759, 85 S. Ct. 824, governed the issue and provided that the use of peremptory challenges to exclude members of recognizable racial groups was not a violation of equal protection guarantees unless a defendant could establish the prosecutor's systemic exclusion of such prospective jurors in multiple cases.

The procedure outlined in *Batson* permits a defendant to seek to establish a *prima facie* case of purposeful discrimination by evidence of the prosecutor's use of peremptory challenges to exclude members of defendant's race at his trial. To do so, a defendant must first show that he is a member of a recognizable racial group and that the prosecutor has by peremptory challenge removed from the venire members of defendant's race. Second, defendant must show that the potential discrimination which may cause a peremptory challenge of jurors, and any other relevant circumstances, are sufficient to raise an inference that the prosecutor used peremptory challenges to exclude veniremen from the jury because of their race. If a defendant makes a *prima facie* showing, the burden shifts to the prosecutor to come forward with a neutral explanation for excluding members of defendant's racial group. *Batson v. Kentucky* (1986), 476 U.S. 79, 96, 90 L. Ed. 2d 69, 87, 106 S. Ct. 1712, 1723.

■ In the present case, defendant is Hispanic, and it is not readily apparent from the record how many and on what basis other members of that racial group were challenged by the State. Under *Batson v. Kentucky*, this defendant may not establish a *prima facie* case of purposeful racial discrimination in selection of the jury by evidence that blacks, or members of minority racial groups other than Hispanic, were excluded by peremptory challenge. See *People v. Treece* (1987), 159 Ill. App. 3d 397.

■ Defendant has also contended that the prosecutor's use of peremptory challenges to remove black members of the venire violated

his sixth amendment right to be judged by a jury drawn from a fair cross-section of the community, citing *McCray v. Abrams* (2d Cir. 1984), 750 F.2d 1113. Defendant has waived this issue, which he raises for the first time on appeal, as he made no claim in the trial court that his rights under the sixth amendment had been violated. (*People v. Holder* (1987), 153 Ill. App. 3d 884, 506 N.E.2d 407.) We note too that similar arguments advanced by the defendant in *Batson v. Kentucky* were not considered by the U.S. Supreme Court, which determined that resolution of Batson's claim properly turned upon application of equal protection principles. (*Batson v. Kentucky* (1986), 476 U.S. 79, 84-85 n.4, 90 L. Ed. 2d 69, 79 n.4, 106 S. Ct. 1712, 1716 n.4.) Furthermore, in *People v. Williams* (1983), 97 Ill. 2d 252, 454 N.E.2d 220, 223, *cert. denied* (1984), 466 U.S. 981, 80 L. Ed. 2d 836, 104 S. Ct. 2364, the Illinois Supreme Court rejected the sixth amendment cross-section-of-the-community argument also made by that defendant. See *People v. Treece* (1987), 159 Ill. App. 3d 397.

Accordingly, this cause is remanded to the circuit court of Will County for a hearing to be conducted in accordance with *Batson v. Kentucky* at which defendant will be permitted to present evidence to substantiate his claim of unconstitutional discrimination in the exercise of peremptory challenges when the jury was chosen. If the trial court finds that a *prima facie* showing of such discrimination has been made, it will then determine whether or not there is a neutral explanation by the State for its exercise of the questioned challenges. The trial court shall make findings of fact and conclusions of law which, together with the record of the proceedings, shall be filed with the clerk of this court within 63 days of the filing of this opinion. This court retains jurisdiction for the purpose of reviewing the determination of the trial court, and the defendant and State will be allowed to submit supplemental briefs addressing the issue in this court. See *People v. Allen* (2nd Dist. August 12, 1987), No. 2—84—0460.

Defendant's motion to remand for a hearing in accordance with *Batson v. Kentucky*, objections thereto by the State, and supplemental motions relating to that issue by both parties were taken with the case, and defendant's motion and the supplemental motions are now allowed.

Remanded with directions.

REINHARD and UNVERZAGT, JJ., concur.