754 P.2d 1139
**The STATE of Arizona, Appellee,**

v.

**Randy J. HARRIS, Appellant.**

**No. CR–86–0054–AP.**

Supreme Court of Arizona,
En Banc.

May 3, 1988.

Robert K. Corbin, Atty. Gen. by William J. Schafer III, Chief Counsel, Galen H. Wilkes, Asst. Atty. Gen., Phoenix, for appellee.

Ross P. Lee, Former Maricopa County Public Defender by James H. Kemper, Deputy Public Defender, Phoenix, for appellant.

## OPINION

LIVERMORE, Court of Appeals Judge.

In *Batson v. Kentucky*, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986), the court held it to be a denial of equal protection for a prosecutor to use his peremptory challenges to exclude jurors on the basis of defendant's race. In *State v. Holder*, 155 Ariz. 83, 745 P.2d 141 (1987), we held that a potential *Batson* error must be raised at trial, or it is waived. We are now required to determine when objection must be made. In this case, the first objection was made not at the time that peremptory strikes were exercised but the next day after the jury had been impanelled and all the stricken jurors excused. We hold this objection to be untimely and hence a waiver of the issue. Consequently, we affirm.

*Batson* does not forbid the use of peremptory challenges against jurors of defendant's race. Rather it forbids such a challenge because they are of defendant's race. When it appears that the forbidden purpose is being achieved, the prosecutor is required to come forward with a neutral explanation for the challenge. Implicit in this is that where no such explanation is forthcoming, the challenged jurors must be allowed to sit. When no objection is made until after the challenged jurors have been excused, the possibility for an immediate remedy for unconstitutional action has been lost. To allow a defendant to permit an error to go unrectified and then, as here, claim the right to a mistrial or a new trial if he is convicted violates the contemporaneous objection rule and waives the issue for purposes of appeal. *Government of Virgin Islands v. Forte*, 806 F.2d 73 (3d Cir.1986). See generally *State v. Holder*, 155 Ariz. 83, 745 P.2d 141 (1987); *People v. Holder*, 153 Ill.App.3d 884, 106 Ill.Dec. 700, 506 N.E.2d 407 (1987).[1]

Affirmed.

FELDMAN, V.C.J., and CAMERON, HOLOHAN and MOELLER, JJ., concur.

GORDON, C.J., did not participate in this decision; pursuant to Ariz. Const. art. 6, § 3, LIVERMORE, J., Court of Appeals, Division Two, was designated to sit in his stead.

---

1. In *United States v. Thompson*, 827 F.2d 1254 (9th Cir.1987), the court held timely an objection made after the challenged jurors had been excused. To the extent that this ruling was based on the proposition that the facts justifying the objection may not have been known until then, it has no application to this case. To the extent that the ruling was based on the absence of prejudice to the government because it was free to retry the defendant, we respectfully reject it. Because the government is always free to retry one who has his conviction overturned for procedural errors, the *Thompson* rule would effectively eviscerate the contemporaneous objection rule and would allow all errors to be raised for the first time on appeal.