THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. ANTHONY HOLDER, Defendant-Appellant.

Third District   No. 3—90—0335

Opinion filed May 9, 1991.

Larry R. Wells, of State Appellate Defender's Office, of Mt. Vernon, for appellant.

Edward Burmila, Jr., State's Attorney, of Joliet (Rita Kennedy Mertel, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE BARRY delivered the opinion of the court:

In 1985 Anthony Holder, defendant, was convicted of murder and felony murder following a jury trial in the circuit court of Will County and was sentenced to a term of natural life imprisonment. On direct appeal, we affirmed the judgment of the trial court. (*People v. Holder* (1987), 153 Ill. App. 3d 884, 506 N.E.2d 407.) In December of 1988 defendant filed a petition for post-conviction relief which was subsequently dismissed. This appeal is from the dismissal of his post-conviction petition.

The evidence at trial established that defendant shot and killed Chris Zouganelis in the victim's garage, that defendant and his two companions stole money from the victim's wallet, and that they entered his home in search of more money. Defendant, who is black, was found guilty of both murder and felony murder by an all-white jury. The prosecutors used peremptory challenges to remove five black jurors, and defense counsel noted that fact for the record.

Defendant now contends that he was denied effective assistance of counsel in the trial court because counsel did not object to the exclusion of blacks from the jury but only noted that fact and, further, that he was denied effective assistance of appellate counsel because counsel did not raise the issue of ineffective assistance of trial counsel on direct appeal.

At the time of defendant's trial, in order to establish a *prima facie* case of systematic exclusion of blacks from a jury, the defendant had to show that the prosecutor excluded blacks from juries in case after case. (See *Swain v. Alabama* (1965), 380 U.S. 202, 13 L. Ed. 2d 759, 85 S. Ct. 824.) Subsequently, the Supreme Court ruled in *Batson v. Kentucky* (1986), 476 U.S. 79, 90 L. Ed. 2d 69, 16 S. Ct. 1712, that a defendant could establish a *prima facie* case of racial discrimination based solely on the prosecution's use of peremptory challenges to strike members of the defendant's race from the jury venire at the defendant's trial, and that once the defendant had made such a *prima facie* showing, the burden shifted to the prosecution to come forward with a racially neutral explanation for its challenges.

■■ The question presented here is: Can the *Batson* standard be applied retroactively on collateral review of defendant's conviction? The answer is "No." Trial counsel was not ineffective in failing to object to the systematic exclusion of blacks from the jury by the prosecutor where a pattern of case-by-case exclusion of blacks could not be shown prior to the *Batson* decision. *People v. Dixon* (1987), 160 Ill. App. 3d 65, 513 N.E.2d 134, following *Allen v. Hardy* (1986), 478 U.S. 255, 92 L. Ed. 2d 199, 106 S. Ct. 2878.

■■ Similarly without merit is defendant's contention that he received ineffective assistance of appellate counsel on direct appeal because appellate counsel failed to claim ineffective assistance of trial counsel. Defendant must establish that substantial prejudice affecting the outcome of the case resulted from the alleged omission of appellate counsel. (*People v. Pearson* (1989), 188 Ill. App. 3d 518, 544 N.E.2d 1026.) He cannot do that here. Had ineffective assistance of trial counsel been raised on direct appeal, it would have been rejected, as it was in *People v. Dixon*.

Next, defendant contends that he is entitled to a substantive *Batson* hearing even though this court ruled otherwise when the issue was raised on direct appeal. In our earlier decision in this case, filed on March 31, 1987, we held that defendant Holder had waived any objection to the exclusion of blacks during jury selection in that he did not request a ruling from the trial court either during trial or in his post-trial motion. Defendant argues that this holding was erroneous, citing *People v. Andrews* (1989), 132 Ill. 2d 451, 548 N.E.2d 1025.

In *People v. Andrews*, the Illinois Supreme Court ruled that, in cases tried before *Batson* was decided, the defendant is entitled to a hearing in the trial court to determine whether a *prima facie* case has been established under *Batson*. The court noted that it would be unfair for a reviewing court to make a determination from a record.

made under prior law, *i.e.*, the guidelines established in *Swain v. Alabama*, and also observed that the trial judge might have written notes or may recall information from his observations that would be relevant. However, the court did state that a defendant might be held to have waived his right to a *Batson* hearing if the record were completely devoid of any evidence to support his claim.

■■■ Ordinarily, an issue raised on direct appeal and decided adversely to defendant cannot be raised by post-conviction petition since the original ruling is *res judicata* as to that issue. (*People v. Robinson* (1989), 188 Ill. App. 3d 826, 544 N.E.2d 816.) Defendant seeks to invoke an exception to that general rule which arises where the right relied on has been recognized for the *first* time after the direct appeal. (*People v. Peeples* (1989), 184 Ill. App. 3d 206, 539 N.E.2d 1376.) Such is not the case here. Whatever rights to a hearing defendant may claim under *Batson* were recognized before the direct appeal was heard. At the time we ruled that defendant had waived his objection to exclusion of blacks from the jury, that ruling was the law of Illinois until modified by the Illinois Supreme Court 2½ years later. That ruling remains the law of this case under the doctrine of *res judicata.*

In addition, we have reviewed the record of the *voir dire* in this case and have determined that there were racially neutral reasons plainly apparent for the State's challenges of each of the five black venirepersons. Jurors Weeks and Jones both indicated that they would have a difficult time giving the death penalty and both had close relatives that had been convicted of a crime. Juror Glass insisted that he could give the death penalty only if he had not a "shadow of a doubt" as to defendant's guilt. Juror Reed's brother had been murdered just two years before the trial and the charges were dropped against the person accused of the crime. Juror Quarles had several years' employment as a youth supervisor with the Department of Corrections, a factor which could influence his judgment. *Cf. People v. Walker* (1989), 191 Ill. App. 3d 382, 547 N.E.2d 1036.

■ As this brief summary indicates, each juror stated circumstances or beliefs which constitute obvious reasons for excusing him or her from the jury in this case. These reasons were unrelated to race. Under the circumstances, we cannot say that fundamental fairness requires suspension of the doctrine of *res judicata* to permit defendant to raise this issue again on appeal.

We also are aware that the judge who tried this case, Honorable Michael Orenic, is now retired and is not available to conduct a *Batson* hearing if a remand were forthcoming. Accordingly, the *Batson* issues must be determined on the basis of the record, whether in the

circuit court of Will County or in a court of review, and we believe the result would be the same in any event, given the paucity of evidence to support defendant's claim.

Finally, defendant contends that the trial court erred in entering two murder convictions since both the charge of murder and of felony murder arose out of a single act. Defendant further argues that this issue was not waived by his failure to raise it on direct appeal or in his petition for post-conviction relief in the trial court because the second conviction was "void" and thus subject to challenge at any time. This has been the view of the Fifth District of the Appellate Court of Illinois. (See *People v. Johnson* (1990), 200 Ill. App. 3d 1018, 558 N.E.2d 607; *People v. Perruquet* (1989), 181 Ill. App. 3d 660, 537 N.E.2d 351.) However, this court has held that a claim that multiple convictions were improper can be waived by failure to raise the issue in the trial court. (*People v. Schaefer* (1989), 188 Ill. App. 3d 317, 543 N.E.2d 894. Accord *People v. Gray* (1988), 171 Ill. App. 3d 860, 525 N.E.2d 1033.) We hold that *People v. Schaefer* controls here and that defendant has waived the issue.

For the reasons stated, we affirm the order of the trial court dismissing defendant's petition for post-conviction relief.

Affirmed.

McCUSKEY and SLATER, JJ., concur.