956 F.2d 272
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Hector RIVERA, Petitioner/Appellant,
v.
Michael P. LANE, Respondent/Appellee.
 No. 90-3387.
 United States Court of Appeals, Seventh Circuit.
 Submitted Feb. 18, 1992.*
Decided March 5, 1992.
 
 Before BAUER, Chief Judge, and COFFEY and KANNE, Circuit Judges.
 
 ORDER
 
 1
 Petitioner Hector Rivera was in prison for murder when he killed a fellow inmate. He was convicted of murder and sentenced to mandatory life imprisonment pursuant to Ill.Rev.Stat. Ch. 38 p 1005-8-(a)(1)(c). His conviction was affirmed on direct appeal by the Illinois Appellate Court. After exhausting state remedies, he filed a petition for federal habeas review pursuant to 28 U.S.C. § 2254. Rivera appeals from the district court's grant of summary judgment in favor of respondent. We affirm.
 
 BACKGROUND
 
 2
 On direct appeal to the Illinois Appellate Court Rivera raised the following issues relevant to this proceeding: 1) whether under Batson v. Kentucky, 476 U.S. 79, 109 S.Ct. 1712, 90 L.Ed.2d 69 (1986) the State's use of peremptory challenges to remove jurors who shared Rivera's Hispanic ancestry deprived him of his right to equal protection; 2) whether the State's use of peremptory challenges to remove minority jurors violated the sixth amendment and 3) whether the mandatory life sentence violates due process and the eighth amendment prohibition on cruel and unusual punishment. People v. Rivera, 110 Ill.App.3d 214, 513 N.E.2d 584, 585-86 (2d Dist.1987).
 
 
 3
 The appellate court concluded that the record was insufficient to make a prima facie equal protection claim. However, because Batson applied retroactively to all cases pending on appeal at the time it was decided, Griffith v. Kentucky, 479 U.S. 314, 328, 107 S.Ct. 708, 93 L.Ed.2d 649 (1987), the appellate court remanded the case to the trial court to enable Rivera to present evidence under the new standard.
 
 
 4
 Rivera presented no new evidence to the trial court and decided to stand on the record. The trial court again held that Rivera failed to make out a prima facie case even under the Batson standard and Rivera appealed.
 
 
 5
 The appellate court affirmed Rivera's conviction. First, the court held that Rivera had not met his prima facie burden under Batson. Second, the court held that because Rivera failed to raise his sixth amendment claim in a post-trial motion, he had procedurally defaulted under Illinois law. Because he did not establish cause or prejudice for the default, the claim was waived. Finally, the court rejected his eighth amendment claim, on grounds that all previous Illinois decisions had upheld the validity of the mandatory life sentence provision of Ill.Rev.Stat. ch. 38 p 1005-8(a)(1)(c). People v. Rivera, 176 Ill.App.3d 781, 531 N.E.2d 3721 (3d Dist.1988).
 
 ANALYSIS
 
 6
 I. Equal protection violation.
 
 
 7
 In order to establish an equal protection violation under Batson Rivera must demonstrate 1) that he is a member of a cognizable racial group; 2) that the prosecutor used peremptory challenges to remove from the venire members of a cognizable racial group; and 3) that these facts and any other relevant circumstances raise an inference that the prosecutor used the peremptory challenges to exclude the venireman on account of their race. Batson, 476 U.S. at 96-97.[1]
 
 
 8
 Rivera established that he was Hispanic, thus satisfying the first prong of the test. However, he fails in satisfying the remaining prongs. The focus of Rivera's argument is on the exclusion of a "Mr. Rojos" and "Miss Sanchez." The record indicates that Mr. Rojos was of Hispanic origin, but that he was excluded on the basis of his stated doubts as to his ability to be impartial towards a fellow Hispanic. As to Mr. Rojos, Rivera satisfied the second but not the third prong of the Batson test.
 
 
 9
 As to Miss Sanchez, Rivera failed to establish that she belonged to a cognizable ethnic group. She simply has an Hispanic surname which does not establish that she is a member of a cognizable ethnic group under the second prong of the Batson test. United States v. Campione, 942 F.2d 429, 432-433 (7th Cir.1991). In addition, even if the record established that Miss Sanchez were Hispanic, the surrounding circumstances do not establish that either she or Mr. Rojos were dismissed because of his or her ethnic origin. There is no direct evidence of discriminatory intent on the part of the prosecutor, nor is there indirect evidence in terms of the racial composition of the jury, the venire and the veniremen dismissed.
 
 
 10
 Because Rivera has failed to establish a prima facie case under Batson his claim fails.
 
 II. Sixth Amendment violation
 
 11
 The Illinois Appellate Court held that Rivera had procedurally defaulted on his sixth amendment claim by failing to raise it in a post-trial motion. A federal court will not consider an issue of federal law in a § 2254 proceeding if the judgment rests on a state law ground which is both independent of the federal claim and an adequate basis for the state court decision. Wainwright v. Sykes, 433 U.S. 72, 81, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977).
 
 
 12
 A state procedural bar constitutes an adequate and independent ground for a decision where the last court rendering a judgment in the case clearly and expressly states that its judgment rests on this ground. Harris v. Reed, 109 S.Ct. 1038, 1044, 103 L.Ed.2d 308 (1989). The Illinois Appellate Court held that as to the sixth amendment claim,
 
 
 13
 "Defendant has waived this issue, which he raises for the first time on appeal, as he made no claim in the trial court that his rights under the sixth amendment had been violated." Rivera, 531 N.E.2d at 377.
 
 
 14
 This satisfies the "plain statement" requirement of Harris.
 
 
 15
 Rivera can escape the procedural bar if he can show cause for the default and prejudice resulting therefrom or that a fundamental miscarriage of justice will result. Harris, 109 S.Ct. at 1043. Despite ample opportunity to do so at all levels of his post-conviction proceedings, Rivera has failed to provide any explanation for his procedural default. Consequently, he has waived his sixth amendment claim.
 
 III. Mandatory Life Sentence
 
 16
 Rivera was sentenced to life imprisonment pursuant to Ill.Rev.Stat. ch. 38 p 1005-8-1(a)(1)(c) which provides that a mandatory life sentence must be imposed where an individual convicted of murder has a prior murder conviction. Rivera challenges the constitutionality of this provision, contending that it violates the eighth and fourteenth amendments because it is disproportionate to the gravity of the offense and because it precludes consideration of mitigating circumstances. We reject this argument.
 
 
 17
 We have rejected a similar argument that the Illinois Habitual Criminal Statute, Ill.Rev.Stat. ch. 38, § 33B-1 violates the eighth amendment because it is disproportionate. The Illinois Habitual Criminal statute provides that a person who is convicted of a third violent felony shall be considered an habitual offender and shall be sentenced to life imprisonment. We determined that the Illinois legislature "could rationally conclude that a person who committed three crimes of violence against another person has demonstrated either an unwillingness or an inability to reform." Williams v. Chrans, 894 F.2d 928, 936 (7th Cir.1990)
 
 
 18
 Murder is the most grievous criminal offense, incomparable even to a felony involving violence. The Illinois legislature could rationally conclude that a person capable of committing murder twice is incapable of reform. Therefore, Ill.Rev.Stat. ch. 38 p 1005-8-1(a)(1)(c) is not grossly disproportionate to the severity of Rivera's crime. Williams v. Chrans, 894 F.2d at 936.
 
 
 19
 Rivera also argues that the mandatory life sentence is unconstitutional because the jury was not permitted to take into account mitigating circumstances. Because the imposition of the death penalty is "profoundly different from any other penalty", the eighth amendment requires consideration of any mitigating circumstances in capital punishment cases. Eddings v. Oklahoma, 455 U.S. 104, 110, 102 S.Ct. 869, 71 L.Ed.2d 1 (1981) (quoting Lockett v. Ohio, 438 U.S. 586, 98 S.Ct. 2954, 57 L.Ed.2d 973 (1978)). Rivera was in fact eligible for the death penalty, but the jury considered and found sufficient mitigating circumstances and declined to impose the death penalty.
 
 
 20
 However, there is no such mandate in non-capital cases, and the Supreme Court has cautioned that cases applying the eighth amendment in capital cases are of limited value in evaluating punishment in a non-capital case. United States v. Solem, 463 U.S. 277, 289, 103 S.Ct. 3001, 77 L.Ed.2d 637 (1983). We therefore hold that the imposition of a mandatory life sentence pursuant to Ill.Rev.Stat. ch. 38 p 1005-8-(a)(1)(c) without consideration of mitigating factors does not violate the Eighth Amendment. See U.S. ex rel. Durham v. O'Leary, 685 F.Supp. 1051, 1055 (N.D.Ill.1988) (Ill.Habitual Offenders Act does not violate Eighth Amendment even though it proscribes mandatory life sentence without parole without consideration of mitigating circumstances).
 
 CONCLUSION
 
 21
 For the foregoing reasons, the decision of the district court granting summary judgment to respondent is
 
 
 22
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Rule 34(a), Fed.R.App.P.; Circuit Rule 34(f). No such statement having been filed, the appeal has been submitted on the briefs
 
 
 [1]
 Although in Powers v. Ohio, 111 S.Ct. 1364, 113 L.Ed.2d 411 (1991), the Supreme Court held that racial identity between the defendant and the juror was not required in order to establish an equal protection violation, we decline to apply Powers retroactively in a federal habeas proceeding. See Allen v. Hardy, 478 U.S. 255, 258, 106 S.Ct. 2878, 93 L.Ed.2d 199 (1988) (Batson did not apply retroactively to proceedings on collateral review); Williams v. Chrans, 945 F.2d 926 (7th Cir.1991) (Batson did not establish a "new rule" under Teague v. Lane, 489 U.S. 288, 109 S.Ct. 1060, 103 L.Ed.3d 332 (1989) and therefore it could not be applied retroactively to a collateral proceeding, even in a capital case)