THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. RICARDO MALDONADO, Defendant-Appellant.

Second District No. 2—92—0950

Opinion filed December 28, 1993.

G. Joseph Weller and Paul Alexander Rogers, both of State Appellate Defender's Office, of Elgin, and Daniel M. Kirwan and Janet Gandy Fowler, both of State Appellate Defender's Office, of Mt. Vernon, for appellant.

Michael J. Waller, State's Attorney, of Waukegan (William L. Browers, Stephen E. Norris, and Scott A. Manuel, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE GEIGER delivered the opinion of the court:

The defendant, Ricardo Maldonado, appeals from the dismissal of his *pro se* post-conviction petition. He argues that his conviction of unlawful delivery of a controlled substance (Ill. Rev. Stat., 1988 Supp., ch. 56½, par. 1401(a)(2) (now codified, as amended, at 720 ILCS 570/401(a)(2) (West 1992))) must be vacated, as it was based on the same physical conduct as his conviction of armed violence predicated upon unlawful possession of a controlled substance (Ill. Rev. Stat. 1989, ch. 38, par. 33A—2 (now 720 ILCS 5/33A—2 (West 1992))). We affirm.

Following his convictions of the above-stated offenses, the defendant brought a direct appeal and we affirmed his convictions. (*People v. Maldonado* (1992), 224 Ill. App. 3d 913.) Thereafter, the defendant filed his *pro se* petition for post-conviction relief (725 ILCS 5/122—1 et seq. (West 1992)). The trial court dismissed the petition as frivolous

and patently without merit (725 ILCS 5/122—2.1 (West 1992)). The defendant brought this appeal, pursuant to our grant of leave to file a late notice of appeal.

On appeal, the defendant argues that we must vacate his unlawful delivery conviction "as it is based on the closely related [predicate] act of unlawful possession." He also argues that although neither trial counsel nor counsel on direct appeal raised the issue, under *People v. Tice* (1992), 235 Ill. App. 3d 118, the predicate felony conviction is void and may be attacked at any time. Alternatively, he asserts that counsel was ineffective for not raising the issue.

The State argues that the defendant has waived this issue by not including it in the direct appeal (see *People v. Stewart* (1988), 123 Ill. 2d 368, 372), and also by failing to raise it in his post-conviction petition (*People v. French* (1991), 210 Ill. App. 3d 681, 689). Additionally, it asserts with reference to *People v. Holder* (1991), 213 Ill. App. 3d 109, that the defendant's conviction was not void, but that the issue was subject to waiver. In *Holder,* the court rejected the defendant's contention that he had not waived his one-act-one-crime argument by not raising it on direct appeal or in his post-conviction petition; defendant Holder had argued that the second conviction was "void" and, therefore, subject to challenge at any time. *Holder,* 213 Ill. App. 3d at 113.

The State also asserts that the defendant's claim of ineffective assistance of counsel is misplaced because the issue here is controlled by the contents of the defendant's *pro se* post-conviction petition. It lastly argues that the defendant's argument fails on its merits.

We initially note that after the completion of briefing in this case, our supreme court vacated the appellate decision in *Tice* and, in a supervisory order, referred the appellate court to the decision in *People v. Davis* (1993), 156 Ill. 2d 149. (*People v. Tice* (1993), 152 Ill. 2d 577.) In *Davis,* the supreme court addressed the voidness argument, considering the decision in *Holder* and other cases that had confronted it. (See also *People v. Coady* (1993), 156 Ill. 2d 531, 538.) The court found that the defendant had waived his one-act-one-crime argument, but it nonetheless exercised its supervisory authority to vacate the defendant's conviction on the second offense. *Davis,* 156 Ill. 2d at 157-58.

Based on the supreme court's decisions in Tice and Davis, the defendant's reliance on *People v. Whipple* (1992), 237 Ill. App. 3d 880, to argue that the State improperly relies on *Holder* is clearly ineffective. In *Whipple,* the court merely exercised its discretion to address the merits of the defendant's one-act-one-crime argument as plain er-

ror (134 Ill. 2d R. 615), although the defendant had failed to raise it in the trial court or in his motion to reconsider sentence. (*Whipple*, 237 Ill. App. 3d at 882.) We follow *Tice* and *Davis* rather than the example of *Whipple*.

Based on the defendant's failure to present his one-act-one-crime argument in the direct appeal and in his post-conviction petition, we find that it is waived. (725 ILCS 5/122—3 (West 1992); *Davis*, 156 Ill. 2d at 157-58; *Stewart*, 123 Ill. 2d at 372; *French*, 210 Ill. App. 3d at 689; *Holder*, 213 Ill. App. 3d at 113.) The defendant has not argued, and we do not find, that we have authority to vacate the defendant's challenged conviction on terms similar to those on which the supreme court exercised its supervisory authority to vacate in *Davis* (156 Ill. 2d at 160) and *Tice* (152 Ill. 2d 577). (See *McDunn v. Williams* (1993), 156 Ill. 2d 288, 299-310; *Jam Productions, Ltd. v. Dominick's Finer Foods, Inc.* (1983), 120 Ill. App. 3d 8, 13-14; *People v. Baskin* (1991), 213 Ill. App. 3d 477, 485; cf. 134 Ill. 2d R. 366.) Furthermore, we note that the supreme court will not, in every case similar to this one, exercise its supervisory authority to vacate the included offense. *Coady*, 156 Ill. 2d at 540.

Given the absence of any further argument by the defendant (see 134 Ill. 2d R. 341(e)(7)), and in the absence of any demonstration of error in the trial court's exercise of discretion in dismissing the defendant's post-conviction petition (see *People v. Dean* (1992), 226 Ill. App. 3d 465, 467), we find no basis to disturb the trial court's judgment.

Based on the foregoing, we affirm the judgment of the circuit court of Lake County.

Affirmed.

McLAREN and DOYLE, JJ., concur.