NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee*,

*v.*

LARRY LONG, JR., *Appellant*.

No. 1 CA-CR 15-0413
FILED 8-16-2016

Appeal from the Superior Court in Maricopa County
No. CR2014-142568-001 DT
The Honorable Alfred M. Fenzel, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Michael F. Valenzuela
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Lawrence Blieden
*Counsel for Appellant*

**MEMORANDUM DECISION**

Presiding Judge Lawrence F. Winthrop delivered the decision of the Court, in which Judge Samuel A. Thumma and Judge Kenton D. Jones joined.

**W I N T H R O P**, Presiding Judge:

**¶1**   Larry Long, Jr., appeals his convictions and sentences, arguing the trial court's failure to further question Juror 38 during *voir dire* denied him a fair trial and a fair, impartial jury.  For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

**¶2**   After H.R. was assaulted and robbed in his home by Long and an unidentified man, Long was charged with one count of armed robbery ("count 1"), one count of aggravated robbery ("count 2"), one count of kidnapping ("count 3"), one count of first-degree burglary ("count 4"), and two counts of aggravated assault ("counts 5 and 6").  During the jury selection process, to ensure the jurors would follow the jury instructions given by the court, the trial court asked the potential jurors:  "Have you or any of your close family members, friends, or relatives ever studied or practiced law?"  In response, eleven jurors raised their place cards.  After discussing this question and their answers with the first seven prospective jurors, the trial court turned to Juror 38 and the following conversation ensued:

> THE COURT: . . . .  I see Juror 38?
>
> A JURY PANELIST:  My husband is an attorney, and two of my kids are attorneys.  It's all civil or corporate law.
>
> THE COURT:  So nobody practices in the criminal division, right?  And is there anything about your relationships, obviously, that would prevent you from being fair and impartial?
>
> A JURY PANELIST:  Yes.
>
> THE COURT:  And you could base any decision only on the evidence?

A JURY PANELIST:  Yes.

THE COURT:  And you can follow the Court's instructions.

A JURY PANELIST:  Yes.

THE COURT:  All right.  Thank you, ma'am.

**¶3**　　　　Neither Long nor the State objected.  Each side was given the opportunity to conduct *voir dire* of the entire panel and each of the individual prospective jurors.  Neither the State nor Long asked Juror 38 to clarify her answer to the court's compound question; nor did they inquire further concerning Juror 38's familial relationships or as to her willingness and ability to base any decision in the case on the evidence produced during trial or apply the law as instructed by the court.  Neither the State nor Long challenged Juror 38 for cause, and Long did not exercise a peremptory challenge to remove Juror 38 from the potential jury panel before she was selected and impaneled as a regular member of the jury.

**¶4**　　　　During trial, substantial evidence was produced to support the charges against Long, and the jury found Long guilty as charged.  The court sentenced him to 15.75 years of imprisonment for count 1, 11.25 years for count 2, 15.75 years for count 3, 15.75 years for count 4, 11.25 years for count 5, and 10 years for count 6, all to run concurrently, with 267 days of presentence incarceration credit.  Long timely appealed; we have jurisdiction pursuant to Arizona Revised Statutes section 12-2101(A)(1).[1]

## ANALYSIS

**¶5**　　　　Long argues the trial court erred in failing to inquire into Juror 38's one "yes" answer to the court's compound or consecutive questions: "So nobody practices in the criminal division, right?  And is there anything about your relationships, obviously, that would prevent you from being fair and impartial?"  Long contends the failure of the court denied him a fair trial and a fair, impartial jury.  It was, however, incumbent upon Long to follow up on the purported ambiguous answer.  He did not do so; in fact, although given the express opportunity during individual *voir dire*, Long did not ask for clarification or otherwise question Juror 38 in this regard.  Further, Long did not challenge Juror 38 for cause, or use any of his peremptory challenges to excuse Juror 38 from jury service.  Under these circumstances, absent fundamental error, Long has waived any such error

---

[1]　　　　Absent material changes after the relevant date, we cite a statute's current version.

on appeal. *See State v. Harris*, 175 Ariz. 64, 66, 852 P.2d 1248, 1250 (App. 1993) (stating a party waives error in the jury selection process unless the party objects before the jury was impaneled); *see also State v. Bible*, 175 Ariz. 549, 572, 858 P.2d 1152, 1175 (1993) (stating that, absent fundamental error, a party has waived any error raised for the first time on appeal).

**¶6** "To prevail under th[e] standard of review [for fundamental error], a defendant must establish both that fundamental error exists and that the error in his case caused him prejudice." *State v. Henderson*, 210 Ariz. 561, 567, ¶ 20, 115 P.3d 601, 607 (2005). To establish fundamental error, the defendant "must show that the error complained of goes to the foundation of his case, takes away a right that is essential to his defense, and is of such magnitude that he could not have received a fair trial." *Id.* at 568, ¶ 24, 115 P.3d at 608. As for prejudice, the defendant must show that, "absent error, a reasonable jury could have reached a different result." *State v. Martin*, 225 Ariz. 162, 166, ¶ 14, 235 P.3d 1045, 1049 (App. 2010).

**¶7** Here, Long does not show the court's failure to further question Juror 38 was error, let alone fundamental error. In context, it is reasonable to assume that, based upon her prior answers, Juror 38's answer of "Yes" was in response to the court's question of "So nobody practices in the criminal division, right?" This interpretation is entirely consistent with not only her earlier response, but also the lack of reaction or follow-up by the court or counsel for either party. Further, even assuming her answer should be interpreted as urged on appeal by Long—that those relationships would somehow prevent her from being fair and impartial, any doubt about Juror 38's impartiality was removed by her subsequent and unequivocal assurance that she could and would base any decision only on evidence produced at trial and that she would follow the court's instructions. *See State v. Comer*, 165 Ariz. 413, 426, 799 P.2d 333, 346 (1990) (stating a juror with preconceived notions can be rehabilitated by further questions during the *voir dire* regarding their abilities and willingness to be impartial). The court also admonished the jurors not to consult sources outside of the courtroom and not to discuss the case with anybody other than their fellow jurors, and Juror 38 is presumed to have followed all of these instructions. *See State v. Newell*, 212 Ariz. 389, 403 ¶ 68, 132 P.3d 833, 847 (2006) (stating jurors are presumed to have followed the court's instructions). Finally, beyond some vague, *post hoc* speculations, Long has not pointed to any evidence in the record or provided any argument to show he was prejudiced at trial by this "error." Accordingly, even assuming the court's failure to *sua sponte* follow up on this juror's response constituted an error, the error would not be fundamental. *See Henderson*, 210 Ariz. at 567, ¶ 20, 115 P.3d at 607.

**CONCLUSION**

¶8        Long's convictions and sentences are affirmed.



Amy M. Wood • Clerk of the court
FILED:  AA