**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2022 IL App (3d) 190608-U

Order filed April 15, 2022

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2022

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of the 12th Judicial Circuit, Will County, Illinois, |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | Appeal No. 3-19-0608 Circuit No. 84-CF-834 |
| ANTHONY HOLDER, | ) ) ) | Honorable Carmen Julia Goodman, |
| Defendant-Appellant. | ) | Judge, Presiding. |

JUSTICE LYTTON delivered the judgment of the court.
Presiding Justice O'Brien concurred in the judgment.
Justice McDade specially concurred.

**ORDER**

¶ 1     *Held*:  The circuit court erred in reversing its order granting defendant leave to file a successive postconviction petition.

¶ 2     Defendant, Anthony Holder, appeals the Will County circuit court's order denying him leave to file a successive postconviction petition. Defendant argues the court granted leave when it set the petition for second-stage proceedings and appointed counsel, and its subsequent reversal denying leave was improper. We reverse and remand for further proceedings.

¶ 3                                I. BACKGROUND

¶ 4        Following a jury trial, defendant was convicted of murder and felony murder (Ill. Rev. Stat. 1983, ch. 38, ¶ 9-1(a)(1), (a)(3)) and was sentenced to a term of natural life imprisonment.

¶ 5        On direct appeal, this court affirmed defendant's convictions and sentence. *People v. Holder*, 153 Ill. App. 3d 884, 885 (1987). After his direct appeal, defendant filed his first postconviction petition as a self-represented litigant. Defendant's petition was dismissed, and this court affirmed the dismissal. *People v. Holder*, 213 Ill. App. 3d 109, 111 (1991).

¶ 6        On January 30, 2015, defendant filed, as a self-represented litigant, a successive postconviction petition. Defendant argued in his petition that trial and appellate counsel were ineffective, he should never have been found to be eligible for the death penalty, and the court based the sentence of natural life on the "void" conviction for felony murder. Defendant did not file a separate motion seeking leave to file his successive petition. However, defendant prompted the court to consider whether leave should be granted in his petition, wherein he "pray[ed] this Honorable Court will grant leave to file."

¶ 7        On March 4, 2015, the circuit court noted that defendant's petition appeared to be in the first stage and that the court would have to review it. The court continued the matter to March 18, 2015, to determine if the petition was in the first stage. On March 18, 2015, the matter was again continued. On April 24, 2015, the court stated,

> "I had an opportunity to read his petition. His petition was filed under 725 ILCS 5/122-1(1)(2)(F). The petition should have been filed under 725 ILCS 5-122(D). However, the failure to comply with Section 122-1(D) is not grounds for summary dismissal. *** The petition, however, will move to stage two.
>
> Public defender is appointed to represent [defendant] in his case."

2

¶ 8          On November 15, 2018, the State filed a motion to dismiss the petition. In the motion, the State argued that defendant had never sought leave to file a successive postconviction petition and that neither cause nor prejudice had been shown. On March 20, 2019, the court determined that defendant never asked for leave to file a successive postconviction petition and that it would completely disregard the State's motion to dismiss. On July 23, 2019, defendant prompted the court with a written motion for leave to file a successive postconviction petition. The court stated that it would determine whether leave would be granted under the cause and prejudice analysis. On August 27, 2019, the court reversed its prior decision advancing the successive petition to the second stage of proceedings and denied defendant leave to file a successive postconviction petition. Defendant appeals.

¶ 9                                    II. ANALYSIS

¶ 10          Defendant argues that the circuit court erred in reversing its order granting defendant leave to file a successive postconviction petition.

¶ 11          The Post-Conviction Hearing Act (Act) contemplates the filing of only one postconviction petition without leave of the court. 725 ILCS 5/122-1(f) (West 2014). The circuit court should grant leave to file where it finds a defendant has demonstrated cause for the failure to bring the claim earlier and prejudice flowing from that failure. *Id.* It is clearly defendant's burden to obtain leave of court before a successive postconviction petition may be filed. *People v. Tidwell*, 236 Ill. 2d 150, 157 (2010). "Therefore, it is incumbent upon defendant, by whatever means, to prompt the circuit court to consider whether 'leave' should be granted." *Id.* Nonetheless, the circuit "court may rule on a successive postconviction petition where leave to file has not been sought when documents submitted by a petitioner supply an adequate basis to determine whether the petitioner has sufficiently alleged cause and prejudice." *People v. Sanders*, 2016 IL 118123, ¶ 25. The denial

3

of a defendant's motion for leave to file a successive postconviction petition is reviewed *de novo*. *People v. Bailey*, 2017 IL 121450, ¶ 13.

¶ 12 In this case, defendant's successive petition itself included a request for leave. See *supra* ¶ 6. Then, on July 23, 2019, defendant, renewed his request for leave to file the petition with a written motion. Despite defendant's prompts, it is unclear from the record whether the court was aware that defendant's petition was a successive petition. Regardless, the court did in fact set the petition for second-stage proceedings and appointed counsel to represent defendant. See 725 ILCS 5/122-4 (West 2014). Thus, we find that the court impliedly granted defendant leave to file a successive postconviction petition. See *Sanders*, 2016 IL 118123, ¶¶ 26-28 (although unclear whether the circuit court was aware that the petition was a successive petition, it granted leave when it set the petition over to the second stage).

¶ 13 The State argues if we find the circuit court impliedly granted defendant leave to file a successive petition, the court properly reconsidered and reversed its prior order. We reject that argument.

¶ 14 A court in a criminal case has the inherent power to reconsider and correct its rulings. *People v. Johnson*, 2017 IL 120310, ¶ 33. However, here, because the State had already moved to dismiss the petition, the court could not practically reconsider its ruling. In *Bailey*, 2017 IL 121450, ¶ 24, our supreme court held that the State may not participate in the leave to file a successive postconviction petition stage. Whether to grant leave is to be determined as a matter of law by the circuit court based on the pleadings and supporting documentation provided to the court by defendant. *Id.*

¶ 15 In this case, the court only reconsidered its implied grant of leave after the State filed a motion to dismiss, where the State argued that defendant never sought leave to file a successive

4

postconviction petition and that neither cause nor prejudice has been shown. While the court stated that it would disregard the State's motion, the record indicates that it had already relied on State's motion when it reversed its previous order granting defendant leave. This was improper under the Act as the State was not permitted to participate in the circuit court's determination on defendant's request for leave to file a successive postconviction petition. See *id.* Thus, the court erred in relying on the State's motion and reversing its prior order granting defendant leave to file. We reverse the court's order denying defendant leave to file the successive postconviction petition and remand the cause for second-stage proceedings.

¶ 16       Finally, we take no position on defendant's request for a new judge on remand.

¶ 17                                    III. CONCLUSION

¶ 18       The judgment of the circuit court of Will County is reversed and remanded for further proceedings.

¶ 19       Reversed and remanded.

¶ 20       JUSTICE McDADE, specially concurring.

¶ 21       I agree with reversal of the circuit court's Order in the above-captioned case and with remanding it to the trial court for further proceedings. I believe the more appropriate disposition, however, is to assign the matter to a new judge, uninvolved in and untainted by the prior proceedings, for assessment and determination of whether the petitioner has stated cause and prejudice adequately or at all.