Present:  All the Justices

MARGARET COLEMAN

v.     Record No. 961736     OPINION BY JUSTICE ELIZABETH B. LACY
                                    June 6, 1997
THOMAS J. HOGAN

            FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
                    M. Langhorne Keith, Judge


     In this appeal, we consider the proper remedy for the unconstitutional exercise of a peremptory strike, specifically whether a juror, reseated on the panel after having been improperly stricken, may be stricken from the panel a second time by the same party.

     The defendant in this personal injury action, Thomas J. Hogan, used two of his peremptory challenges to strike two females, one of whom, Nayamka Thomas, was the only black female on the jury panel.  The plaintiff, Margaret Coleman, challenged the strike, asserting that Hogan struck Thomas based on racial grounds in violation of the Equal Protection Clause of the United States Constitution.  Batson v. Kentucky, 476 U.S. 79, 89 (1986); Edmonson v. Leesville Concrete Co., Inc., 500 U.S. 614, 628 (1991).

     When asked by the trial court to provide his rationale for the strikes, Hogan's counsel explained that the women were students, and he wanted to strike all three students who were on the panel.  However, because he only had two strikes remaining, he struck the two women students, leaving the

1

remaining male student on the panel, "basically on the supposition that [the women] may be more sympathetic to the female plaintiff." The trial court concluded that these two strikes were based on the gender of the panel members and, therefore, constituted purposeful gender-based discrimination in violation of the Fourteenth Amendment of the United States Constitution. J.E.B. v. Alabama ex rel. T.B., 511 U.S. 127, 145 (1994).

The trial court then reseated the two women, stated that "student" was a valid basis for striking a potential juror, and told Hogan he could "strike one of them, but [not] both of them." Hogan struck the male student and Thomas, the black female student. When Coleman again challenged the strike of the black female, Hogan explained that he decided not to strike the other student, the white female, because "she was extremely soft-spoken and meek and . . . between the two women, we think she'll have less of an [e]ffect on the jury."

The trial court allowed Hogan's second strike of Thomas, holding that Hogan gave a "racially-neutral reason" for his second strike of Thomas. Following a jury verdict in favor of Hogan, Coleman filed a motion to set aside the verdict and for a new trial, again challenging Hogan's use of his peremptory strikes to remove Thomas from the jury panel a second time. After briefing and argument by counsel, the trial court denied Coleman's motion, reaffirming its holding that Hogan's second

strike of Thomas was based on a racially neutral reason. We awarded Coleman an appeal to determine whether the trial court properly allowed Hogan to exercise a second peremptory strike against Thomas.

Hogan does not challenge the trial court's ruling that his initial peremptory strikes on the basis of gender violated the Equal Protection Clause. The issue before us is whether the remedy chosen by the trial court, allowing Hogan the opportunity to strike a reseated juror a second time, is consistent with the principles of Batson and its progeny, namely, whether this remedy provides sufficient assurance that an individual will not be prevented from serving as a juror for unconstitutional reasons.

The positions of the parties on this issue are clear. Hogan asserts that, following the reseating of the jurors, the process begins anew. The trial court's decision should be affirmed in this case, Hogan contends, because the reasons he advanced for striking Thomas a second time – she was a student and was not as "soft-spoken and meek" as the other woman juror – were facially neutral and, thus, subject only to the challenge that the reasons were pretextual. Here, Hogan asserts, the trial court found that Hogan's reasons were not pretextual, and, Hogan argues, the trial court's determination on this factual issue should be given great deference and overturned only if the trial court abused its discretion or

committed manifest error.  <u>Hernandez v. New York</u>, 500 U.S. 352, 364 (1991).

Coleman argues that in cases such as this, where the reason for the initial strike was constitutionally infirm, any subsequent reason given for the strike, even if neutral on its face, cannot be separated from the original offensive basis for the strike.  "[C]ounsel cannot qualify or lessen the discriminatory effect of a peremptory strike based on gender by relying on the explanation of the juror's 'student' status."  Once a gender-based reason was articulated for a peremptory strike, Coleman argues, "any additional neutral reasons are suspect" and "that strike must be disallowed <u>in</u> <u>toto</u>."

The Supreme Court of the United States, in leaving the task of prescribing the appropriate remedy for the unconstitutional exercise of a peremptory strike to the states, identified two possible remedies:  reseating persons improperly struck from the jury panel and discharging the venire and selecting a new jury from a new panel.  <u>Batson</u>, 476 U.S. at 100 n.24.  Some states have required that the venire be discharged and a new panel chosen.  <u>See</u>, <u>e.g.</u>, <u>People v. Wheeler</u>, 583 P.2d 748, 765 (Cal. 1978); <u>State v. McCollum</u>, 433 S.E.2d 144, 159 (N.C. 1993); <u>State v. Franklin</u>, 456 S.E.2d 357, 360 (S.C. 1995).  Other jurisdictions have required that an improperly stricken juror be reinstated on the panel.  <u>See</u>, <u>e.g.</u>, <u>State v. Grim</u>, 854 S.W.2d 403, 416 (Mo. 1993)(en banc).  A third and

4

largest group has allowed the trial court to exercise its discretion in selecting the appropriate remedy. See, e.g., Jefferson v. State, 595 So.2d 38, 41 (Fla. 1992); Jones v. State, 683 A.2d 520, 529 (Md. 1996); Commonwealth v. Fruchtman, 633 N.E.2d 369, 373 (Mass. 1994); Ezell v. State, 909 P.2d 68, 72 (Okla. Crim. App. 1995); State ex rel. Curry v. Bowman, 885 S.W.2d 421, 425 (Tex. Crim. App. 1993).

We agree with the majority of states that the choice of remedy should be within the discretion of the trial court. A number of factors, such as the point at which the challenge to the strike is sustained and the knowledge of the jurors regarding the improper strike, affect the determination of which remedy to choose. The trial court is uniquely positioned to evaluate the circumstances in each case and to exercise its discretion in selecting the appropriate remedy.

The parties in this case do not suggest that the trial court's decision to reseat the juror was improper. Rather, the dispute centers around the status of the juror, once reseated. Few cases address this issue because the majority of cases addressing challenges to peremptory strikes involve review of decisions holding that the use of a peremptory strike did not violate the Equal Protection Clause. See, e.g., Buck v. Commonwealth, 247 Va. 449, 443 S.E.2d 414 (1994); James v. Commonwealth, 247 Va. 459, 442 S.E.2d 396 (1994); Faison v. Hudson, 243 Va. 397, 417 S.E.2d 305 (1992). When an appellate

5

court reverses the trial court's decision, the remedy of "reseating" the improperly stricken juror is impossible; the only remedy available at that point is a new trial with an entirely new jury panel.

In the few cases of which we are aware involving the issue in the instant case, the trial court refused to allow the striking party to challenge the reseated juror a second time. See United States v. Bentley-Smith, 2 F.3d 1368, 1372 (5th Cir. 1993); State v. Franklin, 456 S.E.2d 357, 360 (S.C. 1995). These cases do not provide extended discussion of the rationale supporting this restriction on the use of peremptory strikes. Nevertheless, we conclude that such a restriction is proper because a litigant should not be entitled to a new Batson analysis for every subsequent explanation he offers to justify striking a previously challenged juror.  Once the trial court determines that the basis for a peremptory strike is unconstitutional, any other reasons proffered at the same time, or subsequently, cannot erase the discriminatory motivation underlying the original challenge.

As the trial court recognized in this case, the initial rationale which included both "student" and "female" was tainted because one of the two proffered reasons was improper. Hogan does not suggest that, at this point, the trial court should have held that the strikes were proper because one of the reasons was not constitutionally infirm.  Hogan's position,

6

however, would allow a constitutionally proper reason to override a constitutionally infirm reason if the acceptable reason is given at a later point in time. To adopt the procedure suggested by Hogan invites a litigant to engage in creating successive rationales, hoping one will ultimately qualify as both facially neutral and not pretextual. Such a manipulation of the jury selection process would erode the constitutional protections enunciated in Batson and its progeny. Furthermore, it requires the trial court to ignore its prior determination and the prior explanations and conduct each successive evaluation of a newly proffered rationale as if on a "blank slate." Such a process improperly restricts the ability of the trial court to make the required evaluation.

With the exception of one 1989 case from the United States Court of Appeals for the Eighth Circuit, peremptory strikes have not been upheld because one proffered reason was constitutionally acceptable even though another reason for the strike was constitutionally infirm. Compare United States v. Iron Moccasin, 878 F.2d 226, 229 (8th Cir. 1989)(where one explanation was race neutral, no need to consider other reasons) with Faison v. Hudson, 243 Va. at 402-03, 417 S.E.2d at 308 (strike disallowed although age, demeanor, and occupation also given as basis for strike); Riley v. Commonwealth, 21 Va. App. 330, 335-36, 464 S.E.2d 508, 510 (1995)(strikes exercised for age and gender reasons); Johnson

7

v. Love, 40 F.3d 658, 668 (3d Cir. 1994)(evidence must show that invidious discrimination "played no role" in strike); United States v. Greene, 36 M.J. 274, 280–81 (C.M.A. 1993)(explanation which includes "in part" a racially discriminatory reason is not neutral); Powers v. Palacios, 813 S.W.2d 489, 490 n.1 (Tex. 1991)(race "not the sole reason" for improper strike).

We conclude that once a juror has been unconstitutionally stricken, the jury selection process relative to that juror is tainted. The remedy provided by the trial court must cure that taint. Therefore, when the trial court chooses to reseat the improperly stricken juror, the striking party may not use a peremptory strike to remove that juror from the panel a second time.

Accordingly, the judgment of the trial court will be reversed and the case remanded for a new trial.

Reversed and remanded.