COURT OF APPEALS OF VIRGINIA


Present:  Judges Benton, Willis and Clements
Argued by teleconference


FLOYD WHITE, JR.

                                    MEMORANDUM OPINION* BY
v.    Record No. 0292-01-2      JUDGE JERE M. H. WILLIS, JR.
                                       FEBRUARY 19, 2002
COMMONWEALTH OF VIRGINIA


          FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
                    Walter W. Stout, III, Judge

          C. David Whaley (Anthony G. Spencer;
          Morchower, Luxton & Whaley, on brief), for
          appellant.

          Steven A. Witmer, Assistant Attorney General
          (Randolph A. Beales, Attorney General, on
          brief), for appellee.


     Floyd White, Jr. was convicted in a jury trial of:  (1)

aggravated malicious wounding, in violation of Code § 18.2-51.2;

(2) malicious wounding, in violation of Code § 18.2-51; (3)

possession of a firearm by a convicted felon, in violation of Code

§ 18.2-308.2; and (4) feloniously discharging a firearm in public,

in violation of Code § 18.2-280.  On appeal, he contends that the

trial court erred:  (1) in disallowing counsel's examination of

prospective jurors as to their impartiality; (2) in denying his

Batson motion as untimely made; (3) in unfairly prejudicing him by

erroneous evidentiary rulings; (4) in giving a jury instruction

     * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

that was unsupported by the evidence; (5) in allowing improper argument by the Commonwealth; and (6) in refusing to declare a mistrial. White also contends that the Commonwealth failed to prove beyond a reasonable doubt that he committed the offenses. Because the trial court erred in refusing to conduct a Batson review following timely motion by White, we reverse and remand for a new trial if the Commonwealth be so advised.

## I.  BACKGROUND

On June 3, 1999, White, a convicted felon, purchased a .380 caliber pistol with the assistance of his girlfriend, Artisha Mayo. Later that day, he, Mayo, and Jacoby Anderson drove around the City of Richmond in his Dodge minivan. While driving north on Chamberlayne Avenue, White saw Derrick Smith in the passenger seat of a car that was passing in the opposite direction. White made a U-turn and began to follow the other vehicle toward downtown Richmond.

Smith and the driver of the other car, Warren Nightingale, stopped at a traffic light at the intersection of Broad and First Streets. Approaching the intersection, White instructed Anderson to switch places with Mayo, who was sitting in the front passenger seat, and to get the gun. Anderson loaded the .380 caliber pistol and grabbed his own .38 caliber pistol.

When they arrived at the intersection, White put the minivan in park and Anderson handed him the .380 pistol. White then leaned the gun on the windowsill of the driver's door and

-

told Anderson to shoot.  White and Anderson fired shots at Smith.  Both Smith and Nightingale were hit.  As a result of the shooting, Smith has been unable to walk and is confined to a wheelchair.

Evidence of the foregoing events sufficiently supports White's convictions.

## II.  ANALYSIS

On appeal White assigns error on seven grounds.  Because we find the evidence sufficient but reverse his convictions and remand the case back to the trial court for refusing to conduct a Batson review, all the other issues are moot.  However, we direct the trial court and counsel's attention to Code § 8.01-358 and Rule 3A:14.

In Batson v. Kentucky, 476 U.S. 79 (1986), the Supreme Court held that the Equal Protection Clause prohibited the prosecutor's exercise of peremptory jury challenges for the purpose of excluding potential jurors on account of race.  The Court stated:

> Although a prosecutor ordinarily is entitled
> to exercise permitted peremptory challenges
> "for any reason at all, as long as that
> reason is related to his view concerning the
> outcome" of the case to be tried, United
> States v. Robinson, 421 F. Supp. 467, 473
> (Conn. 1976), mandamus granted sub nom.
> United States v. Newman, 549 F.2d 240 (2d
> Cir. 1977), the Equal Protection Clause
> forbids the prosecutor to challenge
> potential jurors solely on account of their
> race or on the assumption that black jurors
> as a group will be unable impartially to

-

consider the State's case against a black defendant.

Id. at 89.  In arriving at its decision, the Supreme Court declined "to formulate particular procedures to be followed upon a defendant's timely objection to a prosecutor's challenges." Id. at 99.  Instead, it left to the lower courts the adoption of timeliness rules.[1]

In Virginia, "a party must raise a Batson challenge prior to the time the jury is sworn and the remaining venirepersons are excused."  Lewis v. Commonwealth, 25 Va. App. 745, 748, 492 S.E.2d 492, 493 (1997).  However, "a Batson motion is not waived by the defendant's failure to raise it prior to swearing of the jury.  Rather, Code § 8.01-352 allows a Batson motion to be made after the jury is sworn, but only with leave of the court."  Id. at 749, 492 S.E.2d at 493 (citation omitted).

The record shows that after peremptory strikes were made, White challenged two of the Commonwealth's peremptory strikes as being impermissibly motivated by racial considerations, in violation of Batson.  The following dialogue occurred:

> MR. HENDERSON [White's Attorney]:  May we approach?
>
> THE COURT:  Yes.

---

[1] The Court stated, "[i]n light of the variety of jury selection practices in our state and federal trial courts, we make no attempt to instruct these courts how best to implement our holding today."  Batson, 476 U.S. at 99 n.24.

-

>           MR. HENDERSON:  Motion.  I would like to at
>           this time raise a <u>Batson</u> on the objection to
>           two of the strikes that Ms. Reiner made
>           . . . .
>
>           And I state to the court that based on their
>           responses that they made, there was no
>           reason stated which would be a valid reason
>           for the striking of them.  They were struck
>           for no other reason than they were black.
>
>           THE COURT:  Motion comes after the strikes
>           are made and under the case law it is too
>           late for the Court to rule.  Overruled and
>           note your exception.

This ruling was error.  Following this exchange, the jury panel was sworn and the stricken veniremen were excused.

While the evidence at trial sufficiently supports White's convictions, the trial court erred in refusing to conduct a <u>Batson</u> review upon White's timely motion.  Therefore, we reverse the convictions and remand the case for a new trial if the Commonwealth be so advised.

<u>Reversed and remanded.</u>