COURT OF APPEALS OF VIRGINIA

Present:   Judges Elder, Humphreys and Alston
Argued at Richmond, Virginia


DONTA LAMARK FOSTER

                                                  MEMORANDUM OPINION[*] BY
v.        Record No. 0755-08-2              JUDGE ROSSIE D. ALSTON, JR.
                                                  OCTOBER 6, 2009
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF GREENSVILLE COUNTY
W. Allan Sharrett, Judge

        Barbara G. Mason (Law Offices of Barbara G. Mason, on briefs), for
        appellant.

        Rosemary V. Bourne, Assistant Attorney General (William C. Mims,
        Attorney General, on brief), for appellee.


        Donta Lamark Foster (appellant) appeals from his convictions of second-degree murder

and use of a firearm in the commission of a felony.  On appeal, he contends the trial court erred

when it refused to disqualify a Caucasian juror based on the juror's demeanor during jury

selection.  Appellant further contends that the trial court erred when it refused to disqualify the

same juror based on facts elicited by appellant's counsel after the juror was reseated.  We hold

the trial court's decision to refuse to disqualify the juror on either account was not clearly

erroneous.  Thus, we affirm appellant's convictions.

                                  I.  BACKGROUND

        As the parties are fully conversant with the record in this case, and because this

memorandum opinion carries no precedential value, this opinion recites only those facts and

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

incidents of the proceedings as are necessary to the parties' understanding of this appeal. The issue on appeal concerns only the jury selection process of appellant's trial.

During the voir dire portion of jury selection, the Commonwealth made several motions to remove jurors for cause, which the trial court denied. Appellant made no motion to remove any juror for cause. At the completion of voir dire, the parties exercised their peremptory strikes. The record does not reflect the racial makeup of the panel, but appellant used all of his strikes on Caucasian jurors. The Commonwealth objected, arguing that appellant's strikes were improperly based on race, and that under Batson v. Kentucky, 476 U.S. 79 (1986), appellant was required to provide race-neutral reasons for the strikes. Appellant's counsel responded that he struck all four jurors, Juror Haffey, Juror Spence, Juror Smith, and Juror Newsome based on their demeanor. Appellant's counsel also struck Juror Newsome because she knew the prosecutor.

As to Juror Haffey, counsel's reasoning was that, "her demeanor as I observed her making long stares at [appellant] caused some concerns. And, for that reason I struck her." Appellant's counsel further explained that, "she was staring at him, your Honor. I can't go any further with that. That's what I observed." The trial court denied the Commonwealth's Batson challenge to Juror Haffey, noting that

> it's hard to pin down, but in particular she was staring at the
> defendant. The court will note for the record that it noted Juror
> Haffey's demeanor[,] but I didn't know where she was staring, but
> I did notice that she was intense, and believes the defense has met
> its burden of giving a race neutral reason for the strike.

With regard to Juror Spence, appellant's counsel stated only, "from the demeanor of this particular juror counsel did not consider his race but was of the opinion that there were other jurors more appropriate for this case." As to Juror Smith, counsel stated, "for the same reasons that I've stated for the others." The trial court sustained the Commonwealth's Batson challenge

to Juror Spence and Juror Smith. "Jurors Smith and Spence were not questioned by either counsel or by the court and there was nothing unusual about their demeanor."

Finally, the trial court considered appellant's strike of Juror Newsome. Counsel explained, "the reason for that strike is that she represented to the court that she knows [the prosecutor] and was a friend of [the prosecutor]." The trial court noted that at least two other jurors indicated they knew the prosecutor and again, asked counsel for a race-neutral reason for the strike. Appellant's counsel responded, "I just thought it would be appropriate and was of the opinion that the other jurors would be more acceptable for this case." Finding this was not a race-neutral explanation, the trial court sustained the Batson challenge as to Juror Newsome.

After the court announced its decision to reseat Juror Spence, Juror Smith, and Juror Newsome, appellant's counsel stated, "Your Honor, before we move forward, [appellant] has shared with me that he has seen Spence in school and attended the same school as he attended." The trial court responded that it had made its ruling, the three jurors would be reseated, and they could not be struck again.

The jury returned a guilty verdict on both charges. This appeal followed.

## II. ANALYSIS

Appellant contends the trial court erred when it sustained the Commonwealth's Batson challenge as to Juror Spence. Appellant argues that he provided an adequate race-neutral reason for the strike.

The principle behind Batson and its progeny is well established. "Competence to serve as a juror ultimately depends on an assessment of individual qualifications and ability impartially to consider evidence presented at a trial." Batson, 476 U.S. at 87. "A person's race simply 'is unrelated to his fitness as a juror.'" Id. (quoting Thiel v. S. Pacific Co., 328 U.S. 217, 227 (1946) (Frankfurter, J., dissenting)).

When a party alleges that peremptory strikes were racially based in violation of Batson, the trial court must consider the basis of the challenges, the reasons proffered for the strikes, and any argument presented that such reasons, even if race-neutral, are pretextual, to determine whether the challenger has met his burden of proving purposeful discrimination in the selection of a jury panel.

Chandler v. Commonwealth, 249 Va. 270, 277, 455 S.E.2d 219, 223 (1995).

The defendant must make a *prima facie* showing that the prosecutor has exercised peremptory strikes on the basis of race. If this showing is made, the burden shifts to the prosecutor to articulate a racially neutral explanation for striking the jurors in question. If the court determines that the proffered reasons are race-neutral, the defendant should be afforded an opportunity to show why the reasons, even though facially race-neutral, are merely pretextual and that the challenged strikes were based on race. But, ultimately, the trial court must determine whether the defendant has carried his burden of proving purposeful discrimination.

James v. Commonwealth, 247 Va. 459, 461-62, 442 S.E.2d 396, 398 (1994) (citations omitted).

The trial court's findings regarding a party's purpose and intent for making peremptory strikes during the jury selection process should be given great deference. See Hopson v. Commonwealth, 52 Va. App. 144, 151, 662 S.E.2d 88, 92 (2008). "This deference stems from our recognition that 'a trial judge who personally observes a juror, including the juror's tenor, tone, and general demeanor, is in a better position than an appellate court to determine whether a particular juror should be stricken.'" Id. (quoting Teleguz v. Commonwealth, 273 Va. 458, 475, 643 S.E.2d 708, 719 (2007)). "On appeal, this finding can be reversed only if it is clearly erroneous." Chandler, 249 Va. at 277, 455 S.E.2d at 223; see also James, 247 Va. at 462, 442 S.E.2d at 398.

After the Commonwealth alleged that appellant's peremptory strikes were racially based and the trial court determined that the Commonwealth had made its *prima facie* case, the court inquired as to appellant's proffered reasons for the strikes. In reference to Juror Spence,

- 4 -

appellant's counsel responded, "from the demeanor of this particular juror counsel did not consider his race but was of the opinion that there were other jurors more appropriate for this case." The trial judge found there was nothing about the juror's demeanor either articulated by counsel or demonstrated to the court that qualified as a race-neutral justification for the strike. Our jurisprudence instructs that it is the trial judge who personally observes a juror and is in a better position than an appellate court to determine whether a particular juror should be stricken and that this determination should not be disturbed unless it is clearly erroneous.

There is nothing in the record before this Court to suggest the trial court's decision was clearly erroneous. Appellant's counsel did not articulate anything about Juror Spence's demeanor that justified striking him. Unlike the response to the challenge of his strike of Juror Haffey, appellant's counsel did not specify an aspect of Spence's demeanor that caused concern. There was no indication that Spence was staring at appellant, making faces, or failing to pay attention. Under these circumstances, the trial court could clearly find that appellant's reasoning—the demeanor of these particular individuals—was merely a pretext to strike the Caucasian members of the panel. Thus, the trial court's decision to sustain the Batson challenge was not clearly erroneous.

Appellant also contends that the trial court erred when it refused to disqualify Juror Spence based on appellant's statement that he knew Spence from school.[1] This statement was made after the trial court sustained the Commonwealth's Batson motion. "Once the trial court

---

[1] In his brief, appellant argued that the trial court should have considered this as a motion to strike for cause. Because appellant never raised this issue at trial, Rule 5A:18 bars our consideration of the question on appeal. Under Rule 5A:18, "a specific argument must be made to the trial court at the appropriate time, or the allegation of error will not be considered on appeal." Edwards v. Commonwealth, 41 Va. App. 752, 760, 589 S.E.2d 444, 448 (2003) (*en banc*). Appellant did not make such an argument, and he did not argue that this Court should invoke the good cause or ends-of-justice exceptions to Rule 5A:18. Accordingly, the Court does not reach the merits of appellant's argument that the juror should have been struck for cause.

determines that the basis for a peremptory strike is unconstitutional, any other reasons proffered at the same time, or subsequently, cannot erase the discriminatory motivation underlying the original challenge." Coleman v. Hogan, 254 Va. 64, 68, 486 S.E.2d 548, 550 (1997). "[W]hen the trial court chooses to reseat the improperly stricken juror, the striking party may not use a peremptory strike to remove that juror from the panel a second time." Id. at 69, 486 S.E.2d at 551. The trial court did not accept appellant's proffered reasons for the strike but instead found that the basis for the strike did not satisfy the requirements of Batson. The trial court then chose to reseat Juror Spence. The trial court correctly noted that after sustaining the Commonwealth's original Batson challenge, it could not consider appellant's additional statements as to why this juror should be struck from the panel. Accordingly, the trial court's decision not to address appellant's additional concerns was not clearly erroneous.

## III.  CONCLUSION

For these reasons, we hold the trial court's decision to sustain the Commonwealth's Batson challenge as to Juror Spence was not clearly erroneous. We further hold that appellant's argument to disqualify this juror for cause cannot be considered because appellant failed to make or preserve an objection in the trial court as required by Rule 5A:18. Finally, after sustaining the Commonwealth's Batson challenge to the striking of Juror Spence, the trial court could not consider appellant's additional statements as to why this same juror should be struck from the panel. Thus, the court's decision in this regard was not clearly erroneous. Accordingly, we affirm appellant's convictions.

Affirmed.